UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DRI COMMERCIAL CORPORATION, | 2:09-CV-3103 FCD |
| Plaintiff, | |
| v. | ORDER |
| CLARK CONTRACTORS, INC., et al. | |
| _____/ | |
| ALL RELATED CROSS ACTIONS | |
| _____/ | |

----oo0oo----

The court has reviewed defendant Clark Contractors Inc.'s ("Clark") notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. § 1441(a) based on federal question jurisdiction. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. (emphasis

1  added).  The removal statute is to be strictly construed against
2  removal jurisdiction.  <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th
3  Cir. 1988).  "Federal jurisdiction must be rejected if there is
4  any doubt as to the right of removal in the first instance."
5  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).
6       Whether a claim "arises under" federal law for purposes of
7  removal is determined by whether the allegations in a well-
8  pleaded complaint establish "that federal law creates the cause
9  of action or that the plaintiff's right to relief necessarily
10 depends on resolution of a substantial question of federal law."
11 <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463
12 U.S. 1, 27-28 (1983).  Removal cannot be based on a defense,
13 counterclaim, cross-claim, or third party claim that raises a
14 federal question.  <u>Metro Ford Truck Sales, Inc. v. Ford Motor</u>
15 <u>Co.</u>, 145 F.3d 320, 327 (5th Cir. 1998); see <u>Hoyt v. Sears,</u>
16 <u>Roebuck & Co.</u>, 130 F.2d 636 (9th Cir. 1942); <u>Redevelopment Agency</u>
17 <u>of City of San Bernardino v. Alvarez</u>, 288 F. Supp. 2d 1112, 1115
18 (C.D. Cal. 2003).  To hold otherwise would allow defendants to
19 manipulate removal jurisdiction.  <u>Id.</u>
20      In this case, defendant Clark filed a Notice of Removal to
21 federal court based upon its cross-complaint against cross-
22 defendant STARRIBS, who previously filed for bankruptcy.  Because
23 Clark bases its federal question on claims raised in a cross-
24 complaint it filed, the court concludes that Clark does not have
25 a sufficient basis for removal to federal court.  Accordingly,
26 the court REMANDS this action to the Superior Court of
27 California, San Joaquin County.
28 /////

1    IT IS SO ORDERED.
2  DATED: November 18, 2009

    FRANK C. DAMRELL, JR.
    UNITED STATES DISTRICT JUDGE